UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOETTE PHONEIX,

                                      **Civil Case No.: 18-CV-6159**

                                      **PLAINTIFF DEMANDS**
                    Plaintiff,            **A TRIAL BY JURY**

        *-against-*                             **COMPLAINT**

MOUNT SINAI HOSPITALS GROUP, INC.,
CHRISTOPHER PALAMARA, individually,
JEFF COHEN, individually,
PATRICIA LAMB, individually,
DAVID GIRDUSKY, individually,

                        Defendants.
-------------------------------------------------------x

       Plaintiff, JOETTE PHOENIX, by and through her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants, MOUNT SINAI HOSPITALS GROUP, INC., CHRISTOPHER PALAMARA, individually, JEFF COHEN, individually, PATRICIA LAMB, individually, DAVID GIRDUSKY, individually, and collectively referred to as "Defendants" upon information and belief, as follows:

### NATURE OF CASE

       Plaintiff, JOETTE PHOENIX, complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), The Family Medical Leave Act ("FMLA"), The Americans With Disabilities Act ("ADA"), and the laws of the State of New York and City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367 seeking

declaratory relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, sex discrimination, gender discrimination, retaliation, hostile work environment and unlawful termination, by Defendants.

## JURISDICTION AND VENUE

1.     Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII.  The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2.     Additionally, the Court has supplemental jurisdiction under the City and State laws of New York.

3.     Around October 26, 2017, Plaintiff JOETTE PHOENIX submitted an amended Charge to the New York State Division Of Human Rights, Case Number, 10189336, with duel filing to the U.S. Equal Employment Opportunity Commission ("EEOC").   The federal charge number is 16GB703784.

4.     Around April 11, 2018, Plaintiff JOETTE PHOENIX received a Right to Sue Letter from the EEOC for her federal charge number 16GB703784.

5.     As such, Plaintiff satisfied all administrative prerequisites and is timely filing this case within ninety (90) days of receiving her Right to Sue letter.

6.     Venue is proper in this court, as the events giving rise to this action arose in New York County, within the Southern District of New York.

## PARTIES

7.     Plaintiff PHONEIX is an individual women who reside in the State of New York, County of

New York.

8.    At all times material, Defendant MOUNT SINAI HOSPITALS GROUP, INC. (herein after referred to as "MOUNT SINAI") was and is a domestic not-for-profit corporation duly existing by virtue of the laws of the State of New York.

9.    At all times material, Plaintiff PHOENIX was employed by Defendant Mount Sinai.

10.    At all times material, Defendant CHRISTOPHER PALAMARA (herein after referred to as "PALAMARA") was and is an individual male who is employed by Defendant Mount Sinai as a supervisor, who held supervisory authority over Plaintiff with regard to her employment.

11.    At all times material, Defendant DAVID GIRDUSKY (herein after referred to as "GIRDUSKY") was and is an individual male employed by Defendant Mount Sinai as a supervisor, who held supervisory authority over Plaintiff with regard to her employment.

12.    At all times material, Defendant PATRICIA LAMB (herein after referred to as "LAMB") was and is an individual female employed by Defendant Mount Sinai as a supervisor, who held supervisory authority over Plaintiff with regard to her employment.

13.    At all times material, Defendant JEFF COHEN (herein after referred to as "COHEN") was and is the Vice President of Defendant Mount Sinai, who held supervisory authority over Plaintiff with regard to her employment.


## **MATERIAL FACTS**

14.    Around 1997, Plaintiff PHOENIX began her employment with Defendant Mount Sinai.

15.    Around February of 2017, Defendant PALAMARA became Plaintiff PHOENIX's supervisor.  From the very start of his position in the Department, Defendant PALAMARA discriminated against Plaintiff and all the women in the department.

16.     Around February of 2017, Defendant PALAMARA told Plaintiff PHOENIX and the other women in the department that his "job is secured" but "yours on the other hand will be gone."

17.     Around March of 2017, Defendant PALAMARA said to Plaintiff PHOENIX and the other women in the department, "I want you girls doing the guys' portion of the cleaning work because girls are supposed to do the cleaning."

18.     Around April of 2017, Defendant PALAMARA told Plaintiff's male colleague Edmund Stay that the men did not have to worry about their jobs because it is only the women that Defendant PALAMARA wants to get rid of.

19.     Around April of 2017, Defendant PALAMARA told Plaintiff, "I only want men in the department and I want to get rid of all of the females."

20.     Around April of 2017, Defendant PALAMARA called Defendant's employee Oliver a "pimp" in front of Plaintiff.  Plaintiff PHOENIX complained to Defendant GIRDUSKY, but no corrective action was taken.

21.     Around April of 2017, Plaintiff's Union Delegates put Plaintiff's complaints in writing and filed grievances on her behalf, but to no avail.

22.     On a number of occasions, PLAINTIFF PHOENIX sent emails to Defendant PALAMARA's supervisor, Patricia Lamb, the Vice President of Defendant Mount Sinai, and to Jeff Cohen in the Human Resources Department, complaining of the discrimination she was forced to endure at the hands of Defendant PALAMARA, but no corrective action was ever taken.

23.     Throughout his employment as the supervisor of the department, Defendant PALAMARA had a pattern and practice of timing the female employees whenever they went to the restroom, and sent female employees into the restroom to check on the other women,

including Plaintiff PHOENIX.   Defendant PALAMARA never timed the male employees who went to the restroom, or sent in employees to check on them.

24.   Around June 27, 2017, Defendant PALAMARA assaulted and Battered Plaintiff PHOENIX and made threats against Plaintiff.  Plaintiff PHOENIX called security who told her that they could not do anything about the incident.  Plaintiff PHOENIX then called the police and filed a police report with a witness present.  Plaintiff PHOENIX was extremely distraught and was allowed to go home by her Director, Defendant DAVID GIRDUSKY.

25.   Around June 28, 2017 through June 30, 2017, Plaintiff PHOENIX called out sick because she was so emotionally disturbed by the assault and battery and threats of Defendant PALAMARA.  Plaintiff PHOENIX requested a reasonable accommodation under the ADA and for time off under the FMLA.

26.   Defendant MOUNT SINAI was ane eligible employer under the FMLA, with at least 50 employees, and Plaintiff was employed by Defendant MOUNT SINAI for at least 1,250 hours in the twelve months precedeeding her requst for FMLA leave.

27.   Around July 1, 2017, Plaintiff PHOENIX went into work and was immediately suspended without pay by Defendant PALAMARA because of her sex/gender and in retaliation for her numerous complaints about Defendant PALAMARA.  Defendant PALAMARA had security escort Plaintiff PHOENIX from the building with no paperwork provided or explanation as to why Plaintiff was suspended.  Plaintiff PHOENIX was not even told how long her suspension would be for.

28.   Around July 7, 2017, a union delegate called Plaintiff PHOENIX and informed her that she could return to work.  Plaintiff PHOENIX returned to work on July 7, 2017, and met with her Director, Defendant GIRDUSKY.   Plaintiff PHOENIX informed Defendant GIRDUSKY

that she could not keep dealing with Defendant PALAMARA's discrimination.

29.   When PLAINTIFF PHOENIX returned to work on or about July 7, 2017, Defendant PALAMARA immediately retaliated against Plaintiff by giving her extra work, rubbing up against her and following her to the restroom.

30.   Plaintiff PHOENIX was so distraught by the discrimination and retaliation that she endured that on July 31, 2017, she called in sick.   Plaintiff PHOENIX requested a reasonable accommodation under the ADA and for time off under the FMLA.

31.   Around August 1, 2017, Plaintiff PHOENIX went to work and was immediately escorted out by security.  While Plaintiff PHOENIX was escorted out, Defendant PALAMARA pointed at Plaintiff.

32.   Around August 3, 2017, Defendants wrongfully and unlawfully terminated Plaintiff PHOENIX because of her sex/gender, and in retaliation for her complaints of discrimination and he requests for a reasonable accommodation under the ADA and for time off under the FMLA.

33.   Defendants discriminated against Plaintiff PHOENIX because of her sex and gender, and because of her disability and requests for leave as a reasonable accommodation under the ADA and FMLA.

34.   Defendants retaliated against Plaintiff PHOENIX because of her complaints of discrimination, and wrongfully terminated PLAINTIFF PHOENIX because of her sex and gender and disability, as well as for having made complaints of such discrimination.

35.   As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

36.   As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and

continues to suffer severe emotional distress and physical ailments.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails.  Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

38. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants.

39. The above are just some examples of some of the unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

40. Defendants' actions constituted a continuing violation of the applicable federal, state and city laws.

41. Plaintiff hereby demands reinstatement to his original position.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

42. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

43. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

44. Defendant MOUNT SINAI engaged in unlawful employment practices prohibited by 42

U.S.C. §2000e et seq., by allowing sex/gender discrimination and a hostile work environment.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

45.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

46.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)  provides  that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

47.    Defendant MOUNT SINAI engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

### AS A THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE
### FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
### (Not Against Individual defendants)

48.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint.

49.    §2612 of the Family Medical Leave Act states in pertinent part:

(a) In general
    (1) Entitlement to leave

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

50.    DEFENDANT MOUNT SINAI violated Plaintiff's FMLA rights by failing to provide her

with appropriate leave thereunder.


### AS A FOURTH CAUSE OF ACTION
### FOR RETALIATION AND INTERFERENCE UNDER THE
### FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.
### (Not Against Individual defendants)


51.    Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of

 this complaint, as if the same were set forth herein fully at length.

§2615 of the FMLA states as follows:

Prohibited acts
(a) Interference with rights
(1) Exercise of rights

It shall be unlawful for any employer to interfere with, restrain, or deny the     exercise of or the attempt to exercise, any right provided under this subchapter.

(2) Discrimination

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

52.    DEFENDANT MOUNT SINAI unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise her rights under the above section and discriminated and retaliated against Plaintiff by terminating Plaintiff from her employment for opposing Defendant's unlawful employment practices and attempting to exercise his rights.

**AS A FIFTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE AMERICANS WITH DISABILITIES ACT
(Not Against Individual defendants)**

53. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of the complaint.

54. Plaintiff claims Defendant NYU violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

55. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

56. Defendant MOUNT SINAI violated the section cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of her disability and for having filed a prior complaint against a superior.

57. Defendant's actions constituted a serial and continuing course of conduct in violation of the applicable federal, state and city laws.

58. DEFENDANT MOUNT SINAI violated the above, and Plaintiff suffered numerous damages as a result.

### AS A SIXTH CAUSE OF ACTION
### FOR RETALIATION UNDER
### THE AMERICANS WITH DISABILITIES ACT
### (Not Against Individual defendants)

59. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of the complaint.

60. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by the chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the chapter.

61. DEFENDANT MOUNT SINAI violated the above, and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### NEW YORK STATE LAW
### (Against All Defendants)

62. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

63. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to

discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her sex/gender, and disability and creating a hostile work environment.

65. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.


**AS AN EIGHTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**NEW YORK STATE LAW**
**(Against All Defendants)**

66. Plaintiff repeats and re-alleges each and every allegation made in the above  paragraphs of this complaint as if fully set forth at length.

67. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

68. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.


**AS A NINTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**NEW YORK STATE LAW**
**(Against All Defendants)**

69. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

70. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory

practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

71.   Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against the Plaintiff.


### AS A TENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

72.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

73.   The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of     any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

74.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against Plaintiff because of her gender, sex and disability.

75.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

### AS AN ELEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

76.   Plaintiff repeats and re-alleges each and every allegation made in the above  paragraphs of this complaint as if fully set forth at length.

77.   The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

78.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against Plaintiff because of his opposition to the unlawful employment practices of Plaintiffs' employer.

### AS A TWELFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

79.   Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as is fully set forth at length.

80.   The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

81.   Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

14

## AS A THIRTEENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

82.    Plaintiff repeats and re-alleges each and every allegation made in the above  paragraphs of this complaint as if fully set forth at length.

83.    Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

84.    Defendants violated the above section as set forth herein.

## AS A FOURTEENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

85.    Plaintiff repeats and re-alleges each and every allegation made in the above  paragraphs of this complaint as is fully set forth at length.

86.    Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory

responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

87.     Defendants violated the above section as set forth herein.


         **WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial, plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.


### JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Dated:  New York, New York
        July 6, 2018

                              DEREK SMITH LAW GROUP, PLLC
                              *Attorneys for Plaintiff*

                    By:    _____
                              Abraham Z. Melamed, Esq.
                              1 Penn Plaza, Suite 4905
                              New York, New York 10119
                              (212) 587-0760